Case 2:17-cv-00021 Document 6 Filed in TXSD on 01/19/17 Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 19, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FELIPE MEDINA-MAR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-21 |
| | § | |
| WARDEN SAAD, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER OF TRANSFER

Petitioner is a federal prisoner currently incarcerated at the Gilmer Federal Correctional Institution located in Glenville, West Virginia. (D.E. 1, Page 11). Proceeding *pro se*, he filed the pending habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' calculation of the length of his sentence imposed in the United States District Court for the Southern District of Texas. (D.E. 1).

A federal prisoner may challenge the execution of his sentence by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, section 2241 petitions must be filed in the district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)(citations omitted); *see McClure v. Hopper*, 577 F.2d. 938, 939-40 (5th Cir. 1978)(explaining that jurisdiction attaches upon the initial filing for habeas corpus relief, regardless of petitioner's transfer or custodial change)(citations omitted). Pursuant to 28 U.S.C. § 1404(a), "[t]he district court of a district in which a filed case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

justice, transfer such case to any district or division in which it could have been brought." The district court has broad discretion to either dismiss or transfer the case. *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)(citations omitted).

Here, proper venue for Petitioner's habeas petition lies in the Northern District of West Virginia where his incarcerated. Because it is inappropriate to speculate regarding the merits of Petitioner's claims at this juncture, and given the relative inefficiency of dismissing Petitioner's habeas application without prejudice, only to require him to start over in the proper district, it is in the interest of justice to transfer this action to the Northern District of West Virginia rather than dismiss it. Therefore, this action is **TRANSFERRED** to the Northern District of West Virginia. All pending motions are **DENIED** as moot and are subject to renewal after the case is transferred.

ORDERED this 19th day of January, 2017.

_____
Jason B. Libby
United States Magistrate Judge